# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By MGarcia at 3:31 pm, Mar 31, 2020*

MARY ELIZABETH NOLAND,

    Plaintiff,

v.

SEAN DEVETTER, et al.,

    Defendants.

CIVIL ACTION NO.: 2:19-cv-113

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Doc. 2. I **RECOMMEND** the Court **DISMISS** this action, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff filed this action pro see making various allegations against Defendants, utilizing the form for a "Complaint for Employment Discrimination." Doc. 1. Plaintiff checks various boxes on the form as bases for jurisdiction, including Title VII, the ADEA, and the ADA, and also states that she relies on laws concerning "mandated reports." Id. at 3. Plaintiff checks every box concerning the discriminatory conduct about which she complains (i.e., failure to hire, termination, failure to promote, failure to accommodate disability, unequal terms and conditions of employment, retaliation). Id. at 4. In the section of the form where Plaintiff is directed to describe the facts of her case, Plaintiff alleges she called Professional Association of Georgia Educators ("PAGE") to complain about her then-employer was treating her. Id. at 5. Plaintiff

alleges that, although she spoke with a PAGE attorney, he did not defend her and she was put on a "non renewal list." Id. Plaintiff appears to allege that other teachers were permitted to evaluate Plaintiff, but they were not qualified to do so, Id. As relief, Plaintiff wants "the truth to be known," an "investigation to find out how much compensation the [PAGE] attorneys are accepting as they do not represent [Plaintiff]," and "all of the financial help the court will allow me to have."[1] Id. at 6.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court may dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii); Mehmood v. Guerra, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.").

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit

---

[1] Plaintiff also filed an "attachment," which includes EEOC filings and letters to the Court. Doc. 4. While the Court has reviewed and considered the documents attached to Plaintiff's Complaint, the documents do not clarify the nature or the bases of Plaintiff's claims. To the contrary, the attach documents confirm that Plaintiff fails to state a claim upon which relief may be granted.

2

either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In performing its review, the Court is mindful that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

## DISCUSSION

**I. Denial of Leave to Proceed *in Forma Pauperis* and Dismissal of Complaint for Failure to State a Claim upon Which Relief may be Granted**

Plaintiff's Complaint does not state a claim upon which relief can be granted. The Complaint does not comply with the Federal Rules of Civil Procedure's requirements for pleading. Under those Rules, the complaint must identify each of the laws the plaintiff claims that the defendant has violated in separate counts of the complaint, and for each count, identify in separate numbered paragraphs the pertinent facts which support the contention that the defendant acted in violation of that law. The complaint should be a "short and plain statement" of Plaintiff's claims against the named Defendants.

Plaintiff's Complaint does not set forth the basis of Plaintiff's purported claims. Plaintiff vaguely alleges she is dissatisfied with the response she received from PAGE, a professional

association, but she fails to allege any facts supporting any legal claims against that organization or its employees. Plaintiff's Complaint suggests she was discriminated against based on race, national orign, age, and disability but provides no facts in support of any of those claims, and it appears that none of the named Defendants in this suit served in any sort of employer or supervisory role. Ultimately, Plaintiff's Complaint lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678. Indeed, Plaintiff's Complaint consists almost entirely of "labels and conclusions," which are insufficient under the Federal Rules of Civil Procedure.

For all of these reasons, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court, and I **RECOMMEND** that the Court **DISMISS** this action for failure to state a claim.

**II. Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** this action, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver

of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 31st day of March, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA